## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SANDRA FABI, Individually and For Others Similarly Situated,

Case No.

v.

JURY TRIAL DEMANDED

CARTER-JONES COMPANIES, INC. d/b/a CARTER LUMBER

## COMPLAINT

### SUMMARY

1.    Plaintiff Sandra Fabi ("Fabi") brings this lawsuit to recover unpaid overtime wages and other damages from Carter-Jones Companies, Inc. d/b/a Carter Lumber ("Carter") under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2.    Carter paid Fabi and other workers like her, a flat salary for all hours worked, regardless of the fact that she often worked in excess of 40 hours each week.

3.    Fabi brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Fabi's claims occurred in this District and Division.

6.      Fabi resides in New Jersey and worked for Carter in the Detroit, Michigan market, which includes Ypsilanti, White Lake, and Macomb, Michigan.[1]

### THE PARTIES

7.      Fabi performed work for Carter as a salaried Engineered Wood Product Designer from the beginning of July 2018 until the middle of January 2020. Her written consent is attached herein as Exhibit A.

8.      Fabi brings this Action on behalf of herself and other similarly situated workers who were denied overtime by Carter.

9.      The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All estimating/designer employees who worked for Carter and were misclassified as exempt during the past 3 years who were paid a flat salary without any overtime compensation.** ("Putative Class Members").

10.      The identities of the Putative Class Members can be readily ascertained from Carter's records.

-----

[1] https://www.carterlumber.com/store-locations/ (last visited July 7, 2021).

11.     Defendant Carter-Jones Companies, Inc. d/b/a Carter Lumber is a domestic for profit corporation and may be served through its registered agent: CSC-Lawyers Incorporating Services, 2900 West Road, Suite 500, East Lansing, MI 48823.

12.     Throughout Fabi's employment, Carter paid her and other workers like a flat salary regardless of hours worked.

## COVERAGE UNDER THE FLSA

13.     At all times hereinafter mentioned, Carter was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.     At all times hereinafter mentioned, Carter was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.     At all times hereinafter mentioned, Carter was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

16.     Carter has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as computers and cell phones.

17.     Carter uniformly applied its policy of paying its workers, including Fabi, a flat salary regardless of hours worked.

18.     Carter applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

19.     At all times hereinafter mentioned, Fabi and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### THE FACTS

20.     Carter is a lumber and building materials retailer with 146 locations across twelve (12) states.[2]

21.     Fabi worked for Carter as an Engineered Wood Product Designer. Throughout her employment with Carter, she was misclassified as exempt and denied her overtime compensation in violation of the FLSA.

---

[2] https://www.carterlumber.com/about-us/ (last visited July 6, 2021).

4

22.     Instead, Carter paid Fabi her flat salary, regardless of the fact that she often worked in excess of 40 hours per week.

23.     Fabi was employed by Carter from the beginning of July 2018 until the middle of January 2020.

24.     As an Engineered Wood Product Designer, Fabi regularly worked more than 40 hours each week without receiving overtime compensation.

25.     On average, Fabi estimates that she worked approximately 50 to 60 hours each week.

26.     As an Engineered Wood Product Designer, Fabi performed non-exempt job duties including preparing calculations and yield projections for Carter's clients' projects.

27.     As an Engineered Wood Product Designer, Fabi would receive drawings from Carter's clients in the Detroit market who were purchasing lumber for construction projects and physically draw a replica of the client's drawings into Carter's computer program, which would then calculate the amount and cost of lumber required for the project.

28.     Fabi and the Putative Class Members' job functions were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

29.     Fabi and the Putative Class Members were subjected to policies and procedures that dictated her day-to-day activities.

30.     Fabi and the Putative Class Members were denied overtime as a result of Carter's illegal pay practice.

31.     Fabi and the Putative Class Members did not have any supervisory or management duties.

32.     To the extent Fabi and the Putative Class Members made "decisions," such decisions did not require the exercise of independent discretion and judgment.

33.     Instead, Fabi and the Putative Class Members applied well-established techniques and procedures and used established standards to evaluate any issues.

34.     Fabi and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

35.     Fabi and the Putative Class Members perform substantially similar job duties and are subjected to similar policies and procedures that dictate the day-to-day activities performed by each person.

36.     Fabi and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

37.     Fabi and the Putative Class Members regularly worked in excess of 40 hours each week.

6

38.     Carter failed to pay Fabi and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

39.     Carter knew, or acted with reckless disregard for whether, Fabi and the Putative Class Members were misclassified as exempt.

40.     Carter's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## CAUSE OF ACTION
## FLSA VIOLATIONS

41.     Fabi realleges and incorporates by reference all allegations in preceding paragraphs.

42.     At all relevant times, Carter was an enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

43.     Carter employed Fabi and the Putative Class Members.

44.     Carter's pay policy denied Fabi and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

45.     Specifically, Carter violated, and continues to violate, Section 7 of the FLSA by failing pay Fabi and the Putative Class Members overtime at one-and-one-half times their regular rates for all hours worked in excess of 40 hours per workweek.

46.     Carter's failure to pay Fabi and the Putative Class Members proper overtime violated the FLSA.

47.     Carter knew, or showed reckless disregard for whether, its conduct violated the FLSA.

48.     Fabi and the Putative Class Members are entitled to recover their unpaid overtime compensation at one-and-one-half times their regular rate for all hours worked in excess of 40 hours per workweek, an equal amount in liquidated damages, reasonable attorneys' fees, costs, and expenses of this action from Carter.

## COLLECTIVE ACTION ALLEGATIONS

49.     Fabi incorporates all previous paragraphs and alleges that the illegal pay practices Carter imposed on Fabi were likewise imposed on the Putative Class Members.

50.     Numerous employees have been victimized by this pattern, practice, and policy that is a willful violation of the FLSA. Many of these employees have worked with Fabi, and the Putative Class Members have reported that they did not receive their time and a half compensation for all hours worked in excess of 40 in a workweek. Even if their precise job titles may differ, the Putative Class Members are all victims of Carter's unlawful compensation practices and are similarly situated to Fabi in terms of *relevant* job duties, pay provisions, and employment practices.

8

51.     The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

52.     Carter's failure to compensate Fabi and the Putative Class Members overtime premiums for all hours worked in excess of 40 per workweek results from generally applicable policies or practices and does not depend on personal circumstances of the Putative Class Members.

53.     The job specific titles or precise job responsibilities of the individual Putative Class Members do not prevent class or collective treatment.

54.     All the Putative Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the minimum rate of one-and-one-half their regular rates of pay – as defined by the FLSA– for all hours worked in excess of 40 hours in a single workweek.

55.     Although the exact amount of damages may vary among the Putative Class Members, the damages can be easily calculated by the same or similar formula because all hours worked by the Putative Class Members were recorded by a time-keeper and reflected in Carter's records.

56.     Fabi has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

57.     Like each Putative Class Member, Fabi has an interest in obtaining the unpaid overtime wages owed under federal law.

9

58.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

59.     Absent a collective action, many Putative Class Members will not obtain redress of their injuries, and Carter will reap the unjust benefits of violating the FLSA.

60.     Further, even if some of the Putative Class Members could afford individual litigation against Carter, it would be unduly burdensome to the judicial system.

61.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

62.     The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

63.     Among the common questions of law and fact are:

   a.     Whether Carter employed the Putative Class Members within the meaning of the FLSA;

   b.     Whether Carter's decision to misclassify Carter and the Putative Class Members as exempt violated the FLSA;

   c.     Whether Carter's violations of the FLSA were made in good faith;

10

d.     Whether Carter's violations of the FLSA were willful; and

e.     Whether Carter's illegal pay practices applied to all Putative Class Members.

64.    Fabi and the Putative Class Members sustained damages arising out of Carter's illegal and uniform pay policy.

65.    Fabi knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

66.    Carter's illegal pay policy uniformly deprived Fabi and the Putative Class Members of the premium overtime wages they are owed under federal law.

67.    There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

68.    Notice of this lawsuit should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

69.    The Putative Class Members are known to Carter, are readily identifiable, and can be located through Carter's records.

70.    In sum, Carter's failure to compensate the Putative Class Members' their proper time and a half overtime premiums for all hours worked in excess of 40 hours per workweek results from generally applicable, systematic policies and

practices, which are not dependent on the personal circumstances of the Putative Class Members.

71.     Thus, Fabi's experiences are typical of the Putative Class Members' experiences.

### JURY DEMAND

72.     Fabi demands a jury trial.

### PRAYER

WHEREFORE, Fabi, individually and on behalf of the Putative Class Members, respectfully requests that this Court grant the following relief:

   a.  An order allowing the FLSA claims in this lawsuit to proceed as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

   b.  Judgment against Carter awarding Fabi and the Putative Class Members all their unpaid overtime compensation and, liquidated damages pursuant to the FLSA;

   c.  An order awarding Fabi and the Putative Class Members attorneys' fees, costs, and expenses pursuant to the FLSA;

   d.  Pre- and post-judgment interest at the highest applicable rates allowed by law; and

    e. Such other and further relief as may be necessary and appropriate.

Dated: July 26, 2021               Respectfully submitted,

                         By: */s/Jennifer L. McManus*
                         **Jennifer L. McManus (P65976)**
                         Local Counsel for Plaintiff
                         **FAGAN MCMANUS, PC**
                         25892 Woodward Avenue
                         Royal Oak, MI 58067-0910
                         248-542-6300 – Telephone
                         jmcmanus@faganlawpc.com

                         **AND**

                         **Michael A. Josephson**
                         State Bar No. 24014780
                         (*pro hac vice forthcoming*)
                         **Andrew W. Dunlap**
                         State Bar No. 24078444
                         (*pro hac vice forthcoming*)
                         **Rachael Rustmann**
                         State Bar No. 24056278
                         (*pro hac vice forthcoming*)
                         **JOSEPHSON DUNLAP LLP**
                         11 Greenway Plaza, Suite 3050
                         Houston, Texas 77046
                         713-352-1100 – Telephone
                         713-352-3300 – Facsimile
                         mjosephson@mybackwages.com
                         adunlap@mybackwages.com
                         rrustmann@mybackwages.com

                         **AND**

                         **Richard J. (Rex) Burch**
                         Texas Bar No. 24001807
                         (*pro hac vice forthcoming*)
                         **BRUCKNER BURCH, PLLC**
                         11 Greenway Plaza, Suite 3025

Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR
PLAINTIFF**