# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Sandra Fabi ("Fabi") and Carter-Jones Companies, Inc., a Michigan corporation ("Carter-Jones") and Carter Lumber of the South, Inc., a North Carolina corporation ("Carter Lumber of the South") (Carter-Jones and Carter Lumber of the South are collectively referred to herein as "Carter Lumber").

## RECITALS

1. Fabi was employed by Carter-Jones as an engineered wood product designer from July 9, 2018, until October 9, 2019.

2. Fabi was employed by Carter Lumber of the South as an engineered wood product designer from October 9, 2019, until January 2, 2020.

3. Fabi filed a Collective Action Complaint against Carter-Jones on July 26, 2021, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") in the United States District Court, Eastern District of Michigan, Case No. 4:21-cv-11727 (the "Lawsuit").

4. No potential class members have opted-in to this Lawsuit, and Fabi's counsel is aware of no other potential class members who intend to opt-in to the Lawsuit.

5. Carter-Jones denied the allegations in the Complaint and denies that it has any liability for improperly classifying Fabi or failing to pay overtime compensation to Fabi.

6. Fabi also threatened to sue or otherwise join Carter Lumber of the South to assert similar claims against it as those asserted against Carter-Jones, which claims Carter Lumber of the South denied as well.

7. As a result of arms' length negotiations, the Parties have agreed to settle the Lawsuit according to the terms of this Settlement Agreement.

8. Prior to settlement discussions, Carter Lumber provided Fabi with pay records and other extensive document production relative to Carter Lumber's defenses, which Fabi's counsel reviewed and analyzed.

9. Fabi's counsel has made a thorough and independent investigation of the facts relating to the allegations in the Complaint. In agreeing to this Agreement, Fabi and her counsel have considered: (a) the facts developed during the Lawsuit

and the applicable law; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Carter Lumber; and (c) the desirability of consummating this Agreement according to the terms set forth herein. Fabi has concluded it is in her best interest to settle her claims against Carter Lumber pursuant to the terms set forth herein.

10. Carter Lumber continues to deny all allegations in the Lawsuit but is entering into this Agreement because it will eliminate the burden, risk, and expense of further litigation.

11. In consideration of the foregoing and other good and valuable consideration, subject to final approval of the Court and other conditions set forth herein, Fabi's Lawsuit shall be settled, compromised and dismissed, with prejudice, upon the terms and conditions set forth below.

## TERMS AND CONDITIONS

12. <u>Settlement Payment</u>. In consideration for this Agreement, Carter Lumber agrees to pay Fabi and Fabi's counsel the sum total of **Eight Thousand Dollars** ($8,000). The payments shall be delivered to Josephson Dunlap LLP as follows:

   a. A check for $2,024.84 made payable to Fabi from Carter Lumber, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Carter Lumber will issue Fabi an IRS Form W-2. Fabi will provide a current IRS form W-4.

   b. A check for $2,024.85 made payable to Fabi from Carter Lumber, without withholdings, representing alleged liquidated damages, for which Carter Lumber will issue Fabi an IRS Form 1099. Fabi will provide a current Form W-9.

   c. A check for $3,950.31 in settlement of any all claims for attorneys' fees and costs, made payment to Josephson Dunlap LLP, for which Carter Lumber will issue an IRS Form 1099. Josephson Dunlap will provide a current IRS Form W-9.

13. <u>Tax Liability</u>. Fabi acknowledges and agrees that she is responsible to pay and will pay all taxes, if any are due, on the Settlement Payment described in this Agreement, provided, however, Carter is responsible for properly withholding

and paying the employer's share of any tax liability. Fabi hereby acknowledges that she has not relied on any statements or representations by Carter Lumber or its attorneys with respect to the tax treatment of the payments described in this Agreement and that she is responsible for all tax payments required under the law. Fabi further agrees that in the event any taxing body determines that amounts related to Fabi's tax liability should have been withheld from the payments provided in this Agreement, Fabi acknowledges and assumes all responsibility for the payment of all such taxes and agrees to indemnify and hold harmless Carter Lumber for the payment of any such taxes, the failure to withhold and any interest or penalties.

14. <u>Dismissal of Claims with Prejudice</u>. Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion for Approval of Settlement and Dismissal, the form of which will be agreed upon by the Parties.

15. <u>Release of Claims</u>. Fabi, and her heirs, successors and assignees, fully and finally release and forever discharge Carter-Jones and Carter Lumber of the South, and all of its past, present, and future officers, directors, employees, agents, beneficiaries, shareholders, partners, affiliates, predecessors, successors, divisions, subsidiaries, insurers, attorneys, and any and all other persons, firms, and affiliated entities, ("Releasees") from any and all manner of wage and hour claims, actions, suits, causes of action, debts, demands, costs, expenses (including but not limited to attorney fees), judgments, losses, damages, liabilities, and other claims of every kind, nature, and character whatsoever, known or unknown, which Fabi now has, or ever had against the Releasees arising from or related to the Lawsuit and arising under federal, state, and local statutory or common law or ordinance relating in any way or arising from Carter Lumber's alleged failure to pay wages for all time worked, including overtime wages, as well as any claims or cause of action that were or which could have been brought in the Lawsuit. This Release does not apply to the obligations and duties set forth in this Agreement.

16. <u>Covenant Not to Sue</u>. To the fullest extent permitted by law, Fabi agrees that she will not sue any of the Releasees for any claim that Fabi releases in this Agreement. Fabi further agrees that she will not opt-in (or opt-out as the case may be) to any subsequent collective or class action filed against any of the Releasees.

17. <u>No Admission of Liability</u>. This Agreement is not and shall not be construed as an admission of any wrongdoing by Carter Lumber and Carter Lumber expressly denies all liability. The parties have entered into this Agreement for the

sole purpose of resolving this Lawsuit and to avoid the burden, expense, and uncertainties of litigation.

18. <u>No Assignment of Claims</u>. Fabi represents and agrees that she has: (a) the sole right, title, and interest to the claims released under this Agreement, (b) not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim pursuant to this Agreement, and (c) not assigned or transferred, nor purported to assign or transfer, to any person or entity, the right to the monies, in whole or in part, being paid pursuant to this Agreement.

19. <u>Confidentiality</u>. Fabi agrees to keep the terms and conditions of this Agreement confidential and shall not disclose them to any other person or entity or publish them in any social media or other public forum, except this Court, with the limited exception that Fabi may disclose the terms to her attorneys, or financial or tax advisors and Fabi shall have the responsibility to require confidentiality on their part.

20. <u>No Disparagement</u>. Each party to this Agreement acknowledges and agrees that neither will make any untrue statements about the other nor in any other way undertake to intentionally injure the reputation of the other party. Carter Lumber will respond to any requests for references indicating only the dates of employment and job titles.

21. <u>No Right to Reinstatement</u>. In consideration for the Settlement Payment, and for other good and valuable consideration, the receipt of which is acknowledged by Fabi, Fabi agrees that she will not seek re-employment or reinstatement from Carter Lumber, or any company or entity affiliated with the Company.

22. <u>Use as Evidence</u>. The Parties agree that this Agreement will not be introduced as evidence in any proceeding or lawsuit, except as may be necessary to enforce this Agreement. Fabi and her counsel further agree and acknowledge that all documents produced by Carter Lumber in this Lawsuit may not be used for any purpose, including in any subsequent proceedings or lawsuits, and that Fabi and her counsel will return Carter Lumber or otherwise destroy all documents, except that Fabi's counsel is permitted to retain a copy of the documents produced for their client file and for no other purpose.

23. <u>Warranties and Representations</u>: By signing below, Fabi specifically represents, warrants, and confirms the following:

  a. Fabi has read and understands this Agreement in its entirety;

  b. Fabi has consulted with an attorney of her choice to review this Agreement;

  c. The Settlement Payment is an amount which Fabi would not otherwise be entitled to receive, except in exchange for the Release, withdrawal of the Lawsuit, and other promises herein;

  d. Fabi is knowingly, freely, and voluntarily assenting to all of this Agreement's terms and conditions, including, without limitation, the Release of claims;

  e. Fabi has received all salary, wages, and other compensation due to her through and including her separation with the Carter Lumber;

  f. Fabi has not engaged in any unlawful conduct relating to the business of Carter Lumber; and

  g. Fabi has not, other than the Lawsuit, filed any other complaints, claims, or actions against the Releasees with any federal, state, or local court or government agency.

24. <u>Applicable Law</u>. Any and all disputes over the terms or conditions of this Agreement shall be subject to interpretation under Michigan law, except where the application of federal law applies.

25. <u>Integration</u>. The provisions of this Agreement constitute the sole and entire agreement and understanding between the Parties as to the subject matter of the Agreement. The Parties agree that this Agreement supersedes and renders null and void all prior discussions, oral or written agreements, and understandings of every kind and nature between the parties as to such subject matter.

26. <u>Severability</u>. Should any provision of this Agreement ultimately be found to be invalid or unenforceable, the remainder of the Agreement shall be enforceable.

27. <u>Counterparts</u>. This Agreement may be executed in separate counterparts each of which is deemed to be an original and all of which taken together constitute one and the same agreement.

*Sandra Fabi*
Sandra Fabi

Date: 2-14-2022

Sworn to and subscribed before me this 14th day of February 2022.

*Allison Lewton*
NOTARY PUBLIC

My Commission Expires:

7-12-2022

ALLISON LEWTON
Notary Public, State of Texas
Comm. Expires 07-12-2022
Notary ID 131639976

Carter-Jones Companies, Inc.

By: _____

Name: Adam R. Lombard

Title: VP Product Management

Date: 2/23/22

Carter Lumber of the South, Inc.

By: _____

Name: Adam R. Lombard

Title: VP Product Management

Date: 2/23/22

6