UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA FABI, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CARTER-JONES COMPANIES, INC., d/b/a CARTER LUMBER,<br><br>        Defendant. | Case No. 21-11727<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT [29] AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO AMEND [24]**

From July 2018 through October 2019, Sandra Fabi worked for Carter-Jones Companies d/b/a Carter Lumber. (ECF No. 1, PageID.2; ECF No. 29, PageID.191.) During that time, Fabi alleges that she was "misclassified as exempt and denied her overtime compensation" in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (ECF No. 1, PageID.4.) So in July 2021, she sued on behalf of herself and others similarly situated, seeking unpaid overtime wages and other damages. (ECF No. 1.)

Following a period of pre-certification discovery, the parties filed a joint motion to approve settlement of Fabi's claims. (ECF No. 29.) The settlement agreement provides Fabi with unpaid wages, liquidated damages, and attorneys' fees and costs in exchange for dismissal of this case with prejudice and a release. (*See* ECF No. 29-1.) In addition, no potential class members have opted in, Fabi's counsel is not aware of any class members who intend to opt in, and the settlement does not apply

to anyone other than Fabi. (*See* ECF No. 29-1, PageID.199, 201 (noting that no other potential class members have opted in or intend to opt in and releasing only the claims of "Fabi and her heirs, successors, and assigns").)

After determining that there is a bona fide dispute and that the settlement is a fair and reasonable compromise of the claims presented, the Court GRANTS the parties' joint motion, APPROVES the settlement, and DISMISSES this case with prejudice.

## I.

"Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlement agreements," district courts in this Circuit have generally agreed that such approval is appropriate. *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 965 (E.D. Mich. Mar. 3, 2021); *accord Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) ("[B]ased on the unique purpose of the FLSA and the unequal bargaining power between employees and employers, this Court finds that FLSA settlements require approval by either the Department of Labor or a court."). Before this Court can approve this settlement, it must conclude both that the parties were engaged in "a bona fide dispute" and that the settlement is a "fair and reasonable compromise of the issues presented." *Athan*, 523 F. Supp. 3d at 965. The Court must also separately assess the reasonableness of Fabi's attorneys' fees and costs award, "even when the fee is negotiated as part of a settlement rather than judicially determined." *Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015).

## II.

The Court will approve the settlement agreement.

The Court first concludes that Fabi and Carter Lumber are engaged in a bona fide dispute. Such a dispute exists where the employer's liability is "actually and reasonably in dispute." *Scobey v. Gen. Motors, LLC*, No. 20-12098, 2021 WL 5040312, at *4 (E.D. Mich. Oct. 28, 2021) (quoting *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015)). After producing over 7,000 pages of pay statements, employment files, emails, and Fabi's work product, Carter Lumber still believes that it correctly classified Fabi and denies that she ever worked over 40 hours per week. (ECF No. 29, PageID.194.) "This good-faith disagreement would have required judicial resolution had the parties not jointly resolved [Fabi's] claims." *See Lakosky*, 2015 WL 4617186, at *2 (internal quotation omitted). So the Court is satisfied that there is a bona fide dispute here.

And the Court finds that the settlement is fair and reasonable. Though the Sixth Circuit has never clearly identified the relevant considerations on this point, district courts have consistently considered seven factors, namely:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Athan*, 523 F. Supp. 3d at 965; *accord Smith v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785, at *2 (E.D. Mich. May 31, 2022). The Court will take each in turn.

First, there is no evidence of fraud or collusion. Both parties are represented by competent counsel and agree that they engaged in arms' length negotiations. (ECF No. 29, PageID.192.) So this weighs in favor of settlement.

Second, without settlement, the litigation is likely to be complex, expensive, and lengthy. Indeed, it has already been in litigation for a year, has resulted in a voluminous exchange of documents, and further litigation would undoubtedly "require[] significant additional resources" from both the parties and the Court. (*See id.* at PageID.194.) Moreover, this case has not yet proceeded past summary judgment, and there might even be a trial after that. This, too, weighs in favor of settlement.

Third, the amount of discovery engaged in by the parties also weighs in favor of settlement. "The Parties engaged in extensive pre-certification discovery in this matter—providing them a well-informed basis to evaluate their respective claims and defenses before deciding to compromise on resolution of this matter." *Athan*, 523 F. Supp. 3d at 967. Indeed, Fabi's counsel is satisfied that they have "thoroughly investigated and analyzed the claims alleged in these actions." (ECF No. 29, PageID.194.) So this factor weighs in favor of settlement.

The fourth factor—the likelihood of Plaintiff's success on the merits—is "uncertain and weighs in favor of final approval." *See Pearson v. Top Flight Ent., LTD.*, No. 21-CV-10258, 2021 WL 5756777, at *3 (E.D. Mich. Sept. 14, 2021). "Litigation inherently involves risks, and the settlement eliminates the uncertainty of a trial on the merits." *Id.* That risk makes settlement fair and appropriate.

4

With respect to the fifth factor, the opinions of counsel weigh in favor of approval. Both Fabi's and Carter Lumber's counsel have told the Court that they believe that the settlement is a fair and reasonable compromise of the disputed issues. (ECF No. 29, PageID.194; ECF No. 29-2, PageID.208.)

The Court need not consider the sixth factor—the reaction of absent class members—because this is a settlement of a single FLSA claim and there are no absent class members. (*See* ECF No. 29-1, PageID.199, 201.)

Weighing the final factor, the Court finds that the public interest is served by the parties' settlement. Courts have held that "there is a strong public interest in encouraging settlement of complex litigation . . . because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 899 (6th Cir. 2019). "At the same time, courts have also found that . . . enforcing the FLSA furthers an important interest in encouraging employees and others to ensure that employers comply with laws governing employment." *Id.* (citation omitted). The Court finds that the parties' settlement agreement achieves both purposes by putting an end to potentially protracted litigation while also requiring Carter Lumber to comply with the law. Settlement, then, serves the public interest.

So, considering all the factors, the Court concludes that the settlement is fair and reasonable. Thus, the Court will approve the settlement.

That leaves only the issue of attorneys' fees and costs. Under the FLSA, courts must award costs and reasonable attorneys' fees to a prevailing plaintiff. *See* 29

5

U.S.C. § 216(b). While the award of attorneys' fees is mandatory, the amount of the award is "within the discretion of the court." *Feagley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). "In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees." *Pearson*, 2021 WL 5756777, at *4 (internal quotation omitted).

The settlement agreement here provides a few thousand dollars in fees and costs, representing about half of the total settlement. (ECF No. 29-1, PageID.200.) The Court finds that the amount allocated for attorneys' fees and costs is fair and reasonable considering the result reached and the amount of time Fabi's counsel dedicated to this matter, including investigating her potential claims, drafting pleadings, conferring with Carter Lumber's counsel, negotiating the settlement, and filing the joint motion. (*See* ECF No. 29-2, PageID.208.) And while the attorneys' fees are almost equal to Fabi's recovery, it does not alter the conclusion that the fees and costs are reasonable. *See Thompson v. United Stone, LLC*, No. 1:14–CV–224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) ("The possibility of an attorney's fee that eclipses any overtime pay award should add to the incentive for an employer to make a quick and just resolution of even the most minor overtime claims."). And, in light of the fact that Fabi worked for Carter Lumber for only 15 months, her recovery is substantial. So the Court approves the parties' proposed settlement with respect to attorneys' fees and costs.

## III.

For the foregoing reasons, the Court GRANTS the parties' joint motion, APPROVES the settlement, and DISMISSES this case with prejudice.

In addition, the Court DENIES AS MOOT Fabi's motion for leave to amend the complaint. (ECF No. 24.) Fabi seems to have abandoned the motion as she never replied to Carter Lumber's response in opposition, and instead the parties filed the joint motion to approve settlement. *See* (ECF Nos. 26–30); *Pasqualetti v. Kia Motors Am., Inc.*, 663 F. Supp. 2d 586, 596 (N.D. Ohio 2009) ("[T]he Court assumes that Kia's failure to attack that claim further on reply is an abandonment of its motion[.]").

SO ORDERED.

Dated: July 29, 2022

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE